IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD RAY HAUSE, Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. H-05-4043 |
| DOUGLAS DRETKE, Respondent. | § § § | |

## MEMORANDUM OPINION AND ORDER

Donald Ray Hause, an inmate of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ), proceeding *pro se* and *in forma pauperis*, seeks habeas corpus relief under 28 U.S.C. § 2254 claiming that his prison sentence has been discharged. Respondent has filed a motion for summary judgment, with a copy of the state court records. (Docket Entry No. 15.) Petitioner has responded. (Docket Entry No. 18.)

Based on consideration of the pleadings, the motions and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this case.

### I. BACKGROUND

Hause was convicted of four counts of aggravated sexual assault of a child and was sentenced to twenty-five years incarceration. In March of 2005, he filed four applications for state habeas relief, arguing that his sentence was discharged because the combination of his completed flat time and accrued work and good time credits equaled one hundred percent of his sentence. The Texas Court of Criminal Appeals denied habeas relief without a written

order on the findings of the trial court without a hearing. *Ex parte Hause*, Application Nos. 62,168-01, -02, -03, -04.

In the pending federal habeas petition, petitioner reurges his arguments that he has completed his sentence and is eligible for immediate release from prison.

## II. ANALYSIS

Petitioner contends that because his actual prison time and accrued good time and work credits equal twenty-five years, he has served his sentence and is entitled to immediate release from prison. In rejecting this argument, the state habeas court expressly found that, "Good time credit, which includes work time credit, is used only for eligibility for parole or mandatory supervision and has no effect on the length of the sentence imposed and may be forfeited for violation of the rules within the department." *Ex parte Hause*, p. 36.

Under the Antiterrorism and Effective Death Penalty Act of 1996, federal habeas relief is not proper unless a petitioner shows that the adjudication of his claim in state court (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). Moreover, a federal habeas court may not second-guess a state's interpretation of its own laws. *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995).

Petitioner's argument cannot succeed unless state or federal law requires prison officials to apply good time credit to reduce the length of a state inmate's sentence. Petitioner does not refer this Court to any federal constitutional or statutory provision

requiring application of good time credit to reduce a state inmate's length of sentence. Moreover, as correctly noted by respondent in his motion for summary judgment, Texas state law has not authorized such an application of good time credit since 1977. *See Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994) ("The statutes governing good time and forfeiture have, since 1977, specifically stated that good conduct time applies only to eligibility for parole or mandatory supervision. . . . Good time credit has no effect on the length of sentence imposed."). Petitioner incorrectly argues that application of good time credit to reduce an inmate's period of *incarceration* is the same as application of such credit to reduce the length of an inmate's *sentence*. Under Texas law, good time credit may be applied to reduce an inmate's period of incarceration through release to parole or mandatory supervision, but not to reduce an inmate's actual sentence. *See Hallmark*, 883 S.W.2d at 674 ("Once an inmate is paroled or released to mandatory supervision the period of parole is equal to the maximum term for which the person was sentenced less calendar time actually served on the sentence. A person's sentence is not reduced by good time credit.").

Petitioner has failed to show that the adjudication of his claim in state court resulted in a decision that was contrary to clearly established federal law or was otherwise unreasonable. Accordingly, petitioner is not entitled to federal habeas relief and summary judgment will be granted dismissing this petition.

### III. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 15) is **GRANTED.** The petition for a writ of habeas corpus is **DENIED**, and the case is **DISMISSED WITH**

**PREJUDICE**. Any and all pending motions are **DENIED** as moot. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 21st day of April, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE